UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| B.C. CULLIFORD, by and through his Next Friend Bill Quigley | * * * | |
| PLAINTIFF | * * | |
| | * | CIVIL ACTION NO._____ |
| VS. | * * | |
| | * | SECTION _____ |
| LOUISANA SUPREME COURT; BERNETTE J. JOHNSON, in her official Capacity as Chief Judge of the Louisiana Supreme Court; GLENN B. ANSARDI, in his official Capacity as Chief Judge of Louisiana's 24th Judicial District Court; and B.W. CULLIFORD, as Curator for B.C. CULLIFORD | * * * * * * * * * | MAGISTRATE JUDGE_____ |
| DEFENDANTS | * * | |

**COMPLAINT**

### I. INTRODUCTION

1. Plaintiff B.C. Culliford files this action under Section 1983, Section 504 of the Rehabilitation Act of 1973 ("Section 504") and Title II of the Americans with Disabilities Act of 1990 ("ADA") seeking prospective injunctive and declaratory relief from a statutory scheme that would allow his curator to obtain court approval to sterilize him against his will without adequate and timely notice, without the opportunity to be represented by counsel, without a court proceeding in which he is able to present evidence and examine witnesses, and in the absence of a burden of proof of clear and convincing evidence placed on his curator to prove that sterilization is necessary, in his best interest, and the least restrictive form of protection available to him. Plaintiff contends that these procedural judicial protections are not currently available under Louisiana law, and the

1

absence of such protections violate his rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution. He also contends that the absence of such procedures discriminates against him in violation of his rights under Section 504 and the ADA.

## II. JURISDICTION

2. This Court has federal question jurisdiction under 28 U.S.C. §§1331 and 1343, in that this is an action arising under the Fourteenth Amendment to the United States Constitution, the ADA, and Section 504.

3. Venue is appropriate in this court under 28 U.S.C. §1391(b)(2) since the Louisiana Supreme Court is domiciled in New Orleans and Defendant Culliford resides in this district.

## III. PARTIES

4. Plaintiff B.C. CULLIFORD is a 39-year-old man diagnosed with a mild intellectual disability. He resides at 100 Central Avenue in Harahan, Louisiana, which is a residential home for persons with developmental disabilities operated by Magnolia Community Services. He is suing by and through his next friend, Bill Quigley.

5. The LOUISIANA SUPREME COURT is Louisiana's highest court. The supreme court has general supervisory jurisdiction over all other courts. It may establish procedural and administrative rules not in conflict with law. The Louisiana Court system receives federal financial assistance and is a public entity as defined by 42 U.S.C. § 12131(1) (B).

6. Defendant BERNETTE J. JOHNSON is the Chief Justice of the Louisiana Supreme Court. Pursuant to Article V, Section 5 of the Louisiana Constitution, she is the chief

administrative officer of the judicial system of the state, subject to rules adopted by the court. She is being sued in his official capacity only.

7. Defendant GLENN B. ANSARDI is the Chief Judge of the Louisiana's 24th Judicial District Court. The chief judge oversees the day-to-day operations of the court, presides over judges' meetings and is in charge of committee assignments of the other judges. He is the judge assigned to matters arising out of the interdiction of Plaintiff. He is being sued in his official capacity only.

8. B.W. CULLIFORD was appointed as Curator for the Plaintiff by Defendant Ansardi on September 24, 2012. He has informed B.C. Culliford of his intention to have him surgically sterilized against his will.

9. By attempting to have Plaintiff sterilized without ensuring that he is provided with timely and adequate notice and a meaningful opportunity for a hearing, including the right to be represented by counsel, the curator is acting jointly with state officials to effectuate the deprivation of Plaintiff's rights.

**IV.     STATUTORY SCHEME**

10. Under Louisiana law, a civil district court may order a full or limited interdiction for a person who is of the age of majority, or an emancipated minor, who due to an infirmity, is unable consistently to make reasoned decisions regarding the care of his person and property, or to communicate those decisions, and whose interests cannot be protected by less restrictive means. LA C.C. Art. 389 and 390. The person appointed to make decisions for the person who under an interdiction is called a curator. LA C.C. Art. 392.

11. The authority of a curator in making decisions on behalf of a person under interdiction is not unlimited.

12. In instances where a curator interferes with the property rights of an interdicted person, the Louisiana Code of Civil Procedure imposes significant procedural requirements. For instance, when the curator seeks to acquire property from the interdict, the curator can only do so "with prior court authorization, and when it would be in the best interest of the interdict. Except for good cause shown, the court shall appoint an independent appraiser to value the interest to be acquired by the curator." Louisiana Code of Civil Procedure, Tit. VIII, Art. 4566(B). When admitting an interdict into a nursing home facility, a curator acting under a temporary interdiction order must show good cause at a contradictory hearing to admit the interdict to a residential or long-term care facility. Louisiana Code of Civil Procedure, Tit. VIII, Art. 4566(I).

13. Louisiana law also imposes limitations on the authority of a curator to sterilize a person under interdiction. The Louisiana Code of Civil Procedure, Tit. VIII, Art. 4566(G) states, "A curator may not consent to an abortion or sterilization of the interdict without prior court authorization." However, the state law articulates no other procedural or substantive protections.

14. In addition, although the Louisiana Supreme Court has the authority to promulgate rules to protect the Constitutional rights of a person under interdiction for whom forced sterilization is being proposed, it has never promulgated any such rules.

15. As a result, state law and the rules of the civil district court allow court to authorize a curator to forcibly sterilize a person under interdiction without any notice to the person being sterilized, without any opportunity for the person being sterilized to be heard on the issue, without the person under interdiction being represented by an attorney who will advocate for his or her interest, and without requiring the curator to prove the necessity of the sterilization by clear and convincing evidence.

16.     The Louisiana law and the rules of the civil district court do not contain any provision that allows a person under interdiction to raise a defense to his or her forcible sterilization. Under Louisiana Code of Civil Procedure, moreover, a curator is able to obtain "prior court authorization" to forcibly sterilize an individual under interdiction by an *ex parte* motion.

17.     Under Louisiana law, the only mechanism for serving notice on a person under interdiction for whom forced sterilization is being sought is delivering the notice to the curator, who is also the person who would be seeking authority for the sterilization. LA C.C.P. Art. 1235.

### V.     STATEMENT OF FACTS

18.     On Sunday, April 8, 2018, Plaintiff's curator, C.W. Culliford, advised Plaintiff that he intended to have him sterilized, even though he knew that Plaintiff objected to such a procedure.[1]

19.     The curator made this decision after discovering that Plaintiff Culliford has a girlfriend and consensual sexual relationship. *Id*.

20.     Plaintiff has been using birth control and practicing safe sex during this relationship. He understands the causal relationship between sexual conduct and reproduction, the use of birth control, and the responsibilities of parenthood. He wants to start a family eventually, but not just yet. *Id*.

21.     Sterilization procedures are generally irreversible and represent potentially permanent and highly significant consequences for the patient involved.

22.     Plaintiff does not wish to be sterilized. *Id*.

---

[1] Exhibit C, Culliford Affidavit

23. Plaintiff understands the nature of sterilization, both in its consequences for his desire to start a family and the permanence of the procedure. He does not want to be sterilized because he wants to have the option to have children someday. *Id.*

24. Plaintiff will be travelling on a cruise with his girlfriend some time during the next year, and his curator has stated that he wishes to sterilize B.C. before then. *Id.*

25. On April 16, 2017, the curator informed Plaintiff that he made an appointment with a urologist regarding the sterilization proceeding. The Appointment is scheduled for the morning of April 20, 2018. *Id.*

26. Defendants, for all times relevant to this complaint, are acting under color of state law.

27. As a direct and proximate result of the foregoing, Plaintiff is at risk of being subjected to the immediate and irreparable harm of being deprived of his fundamental right to procreate.

28. As a direct and proximate result of Defendants' failure to promulgate court rules and procedures that ensure that Plaintiff will be provided with adequate and timely notice of any request for authority to sterilize him, an opportunity to be heard on the issue, an attorney who will advocate for his interest, and a requirement that the curator to prove the necessity of the sterilization by clear and convincing evidence, Plaintiff is at risk of being subjected to the immediate and irreparable harm of being deprived of his fundamental right to procreate.

### VI. CAUSES OF ACTION

#### A. VIOLATION OF PROCEDURAL DUE PROCESS

29. The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

30. The right to procreate is a fundamental right deserving of the highest protections under the United States Constitution.

31. Plaintiff has been denied procedural due process as guaranteed by the United States Constitution as a result of Defendant Johnson failure to promulgate rules for the civil district courts of the State of Louisiana and her failure to take all other necessary steps that ensure that Plaintiff is provided with adequate and timely notice of any request for authority to sterilize him, an opportunity to be heard on the issue, an attorney who will advocate for his interest, and a requirement that the curator prove the necessity of the sterilization by clear and convincing evidence.

32. Plaintiff has been denied procedural due process as guaranteed by the United States Constitution as a result of Defendants Ansardi and C.W. Culliford's failures to ensure that Plaintiff is provided with adequate and timely notice of any request for authority to sterilize him, an opportunity to be heard on the issue, an attorney who will advocate for his interest, and a requirement that the curator prove the necessity of the sterilization by clear and convincing evidence.

### B. VIOLATION OF EQUAL PROTECTION

33. Procreation is recognized as a fundamental right under the United States Constitution.

34. Under the Equal Protection Clause of the United States Constitution a state may not legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. In denying a fundamental right under the Constitution, a classification must be reasonable not arbitrary, and

must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.

35. All persons in Louisiana, except persons under interdiction, have the right to consent to sterilization by exercising informed consent. Informed consent in Louisiana means that the patient understands the nature and purpose of the procedure after being provided with by medical personnel of material information regarding the procedures. La. R.S. 40:1299.40.

36. The mere fact that a person has been found incompetent in an interdiction proceeding is not determinative of whether he or she is, in fact, capable of giving informed consent to a procedure that would deny the person under interdiction with a fundamental right.

37. By permitting a curator to force a person under interdiction to submit to sterilization without the curator proving by clear and convincing evidence at a contradictory hearing that he or she is incapable of exercising informed consent regarding that procedure, Louisiana's interdiction statute, and the court rules implementing it, deny Plaintiff Equal Protection as guaranteed by the United States Constitution.

### C. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

38. As a qualified person with disabilities, Plaintiff is entitled to the protections and benefits of Title II of the Americans with Disabilities Act, which provides that "no qualified individual with a disability shall, by reason of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

39. Access to the courts is services, program, or activity covered by Title II of the ADA.

40. Regulations implementing the ADA prohibit a public entity from providing any aid, benefit, or service, directly or through contractual licensing, or other arrangements that (i) Deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; (ii) Afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; (iii) Provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others; and (iv) Provide different or separate aids, benefits, or services to individuals with disabilities or to any class of individuals with disabilities than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others. 28 C.F.R. § 35.130(b)(1)(i-iv).

41. The ADA's implementing regulations further provide that "a public entity may not, directly or through contractual or other arrangements, utilize criteria or other methods of administration: (i) that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability…." 28 C.F.R. § 35.130(b)(3).

42. Under the ADA, the determination a person with a disability an aid, benefit, or service, such as the right to procreate, must be based on an individualized assessment, based on reasonable judgment that relies on current medical evidence or on the best available objective evidence, to determine: the nature, duration, and severity of the health or safety risk of allowing equal participation; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures will mitigate the risk. 28 C.F.R. pt.

9

35, app. A, Preamble to Regulation on the Basis of Disability in State and Local Government Service, 439

43. Under Louisiana's interdiction statute, and the rules of the court implementing the statute, individuals with disabilities may be sterilized against their will despite that fact that they are capable of understanding the nature of sterilization, the causal relationship between sexual conduct and reproduction, the use of birth control, and the responsibilities of parenthood.

44. Louisiana's interdiction statute violates the ADA and the Supremacy Clause of the United States Constitution by permitting curator to obtain authority to sterilize a person under interdiction without the court making individualized assessment, based on reasonable judgment that relies on current medical evidence or on the best available objective evidence, to determine: the nature, duration, and severity of the health or safety risk posed by sterilization or the failure to sterilize;  the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures will mitigate the risk associated with procreation or sterilization.

### D. VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

45. Section 504 of the Rehabilitation Act states that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance . . .." 29 U.S.C. § 794(a).

46. Section 504's regulations also prohibit recipients of federal financial assistance from "utiliz[ing] criteria or methods of administration ... (i) [t]hat have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap …." 45 C.F.R. § 84.4(b)(4); 28 C.F.R. § 41.51(b)(3)(I).

47.     Under Louisiana's interdiction statute, and the rules of the court implementing the statute, individuals with disabilities may be sterilized against their will despite that fact that they are capable of understanding the nature of sterilization, the causal relationship between sexual conduct and reproduction, the use of birth control, and the responsibilities of parenthood.

48.     Louisiana's interdiction statute violates Section 504 and the Supremacy Clause of the United States Constitution by permitting a curator to obtain authority to sterilize a person under interdiction without the court making individualized assessment, based on reasonable judgment that relies on current medical evidence or on the best available objective evidence, to determine: the nature, duration, and severity of the health or safety risk posed by sterilization or the failure to sterilize; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures will mitigate the risk associated with procreation or sterilization.

## VII.    PRAYERS FOR RELIEF

WHEREFORE, Plaintiff issue the following orders:

A.     Issue a preliminary and permanent injunction requiring Defendant Johnson on behalf of the Louisiana Supreme Court to promulgate rules for the civil district courts of the State of Louisiana and take all other necessary steps that ensure that Plaintiff is provided with adequate and timely notice of any request for authority to sterilize him, an opportunity to be heard on the issue, an attorney who will advocate for his interest, and a requirement that the curator prove the necessity of the sterilization by clear and convincing evidence;

B.     Issue a preliminary and permanent injunction requiring Defendants Ansardi and Culliford take all other necessary steps that ensure that Plaintiff is provided with adequate and timely notice of any request for authority to sterilize him, an opportunity to be heard on the issue,

an attorney who will advocate for his interest, and a requirement that the curator prove the necessity of the sterilization by clear and convincing evidence;

    C.      Issue Temporary Restraining Order:

        1.      Enjoining Defendant Johnson to exercise her supervisory authority under the Louisiana Constitution to prevent any other civil district court of the State of Louisiana from issuing judicial approval for the sterilization of Plaintiff under Louisiana state law.

        2.      Enjoining Defendant Ansardi from issuing any judicial approval for the sterilization of Plaintiff under Louisiana state law.

        3.      Enjoining Defendant Culliford from exerting any power conferred upon him by the state of Louisiana as curator to sterilize the Plaintiff, B.C. Culliford.

    D.      Issue a declaratory judgment, pursuant to 298 U.S.C. §§ 2201 and 2202, that Defendant Johnson's failure to establish procedures and rules that ensure that Plaintiff is provided with adequate and timely notice of any request for authority to sterilize him, an opportunity to be heard on the issue, an attorney who will advocate for his interest, and a requirement that the curator prove the necessity of the sterilization by clear and convincing evidence violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

    E.      Issue a declaratory judgment, pursuant to 298 U.S.C. §§ 2201 and 2202, that the Louisiana Supreme Court's failure to establish procedures and rules that ensure that Plaintiff is provided with adequate and timely notice of any request for authority to sterilize him, an opportunity to be heard on the issue, an attorney who will advocate for his interest, and a requirement that the curator prove the necessity of the sterilization by clear and convincing

evidence violates Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990;

    E.      Award Plaintiff his reasonable attorneys' fees and costs;

    F.      Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 18th of April 2018.

                          B.C. CULLIFORD, by and through his Next Friend,
                          BILL QUIGLEY

                          By their attorneys


                          <u>/s/ Sophia Mire</u>
                          Sophia M. Mire, La. Bar No. 36912
                          smire@advocacyla.org

                          Jonathan Trunnell, La. Bar No. 36956
                          jtrunnell@advocacyla.org

                          Ronald Lospennato, La Bar No. 31291
                          rlospennato@advocacyla.org

                          Advocacy Center
                          8325 Oak Street
                          New Orleans, Louisiana 70118
                          Telephone: (504) 522-2337, ext. 116
                          Facsimile: (504) 717-9092